UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN G. LYONS, | ) | CASE NO. 1:05 CV 2916 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JENNIFER L. ADAMS, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff John G. Lyons filed this tort action in the Crawford County Court of Common Pleas against Crawford County Child Support Enforcement Agency ("CSEA") Case Manager Jennifer Adams, CSEA Attorney Steven H. Walker, Crawford County Common Pleas Court Magistrate Mary Eileen Holm, Crawford County Common Pleas Court Administrative Judge Russell B. Wiseman, and Social Security Administration District Office Manager Larry G. Moore. The action was removed to this Court on December 19, 2005. In his pleadings, plaintiff alleges that the defendants committed the torts of libel, slander, and fraud in connection with attempts to collect child support from him. He seeks compensatory and punitive damages.

*Background*

Mr. Lyons was divorced in November 1987.  Two children were born during that marriage and Mr. Lyons was ordered in the divorce decree to pay child support.  See Deems v. Lyons, No. 3-03-36, 2004 WL 720339 (Ohio App. 3d Dist. Apr. 5, 2004).[1]  His former spouse remarried and, in 1991, notified the court that her new husband was seeking to adopt the two children.  Id.  In November 1993, Mr. Lyons's parental rights were terminated and the adoption was approved.  Id.  Mr. Lyons began to receive social security disability benefits in 1998 as a result of injuries sustained in an accident.  Id.  In November 2002, CSEA filed in the Crawford County Court of Common Pleas a Notice of Lump Sum Payment and claimed Mr. Lyon's owed over $36,000.00 in child support.  Money was withheld from him and placed in an escrow account.  Id.  CSEA requested release of the escrow funds.  Mr. Lyons objected and a hearing was held.  Id.  At the conclusion of the hearing, the court determined that an arrearage did exist and released the funds to CSEA.  Id.  The court then held Mr. Lyons in contempt of court for failing to comply with the court's support order.  Mr. Lyons appealed.  Id.  The release of the escrow funds was upheld; however, the contempt finding was reversed and the matter was remanded to the trial court for further proceedings.  Id.

Mr. Lyons now brings this civil action claiming the defendants made false statements during the course of those child support proceedings which caused injury to his reputation.  He challenges the veracity of statements made by CSEA employees and their attorney in the complaint and during testimony at the hearing.  He also characterizes the judgment entries

---

[1] Mr. Lyons provides very few facts in his pleadings.  He refers the court to his Appeal to the Ohio Third District Court of Appeals which provides helpful background information.  The information gleaned from this case is used solely to provide a point of reference for Mr. Lyons's claims.

in the case as furthering the conspiracy of libel, slander and fraud. His claim against Social Security Agent Larry G. Moore is based on a letter Mr. Lyons received in March 2003 which stated in part, "[we] are writing to you about the court order number 40671-85-509 concerning your responsibility for child support and/or alimony." (Am. Compl. at 4.) He indicates his belief that he does not owe child support and claims therefore that the letter's reference to his "responsibility for child support" was a false statement.

### *Analysis*

While pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court may dismiss a claim sua sponte if it is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)(citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The claim asserted against Mr. Moore satisfies these criteria.

Because the government has certified that Mr. Moore was acting within the scope of his employment, the United States was substituted for Mr. Moore as the party defendant. 28 U.S.C. § 2679(d)(1)(2). The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the court's subject matter jurisdiction. McGinness v. United States, 90 F.3d 143, 145 (6th Cir. 1996). Sovereign immunity is not waived by general jurisdictional statutes, such as 28 U.S.C. § 1331 and 1340, but rather the plaintiff must cite to an explicit waiver of sovereign immunity. Carelli v. Internal Revenue Service, 668 F.2d 902, 904 (6th Cir. 1982). A waiver of sovereign immunity must be strictly construed in favor of the United States, unequivocally expressed, and cannot be implied. United States v. King, 395 U.S. 1,4

(1969); Soriano v. United States, 352 U.S. 270, 276 (1957). In the absence of this explicit waiver of immunity, this court lacks subject matter jurisdiction to consider a claim asserted against the United States or any of its agents sued in his or her official capacity.

The Federal Torts Claims Act provides a limited waiver of sovereign immunity and provides the exclusive remedy for injuries arising from the tortious conduct of federal government employees. 28 U.S.C. § 2671-80. As a condition of this waiver, a plaintiff seeking to assert a tort claim against a federal government employee must first present the claim in writing to the appropriate Federal agency within two years after such claim accrues and receive a notice of final denial of the claim by the agency. 28 U.S.C. §§ § 2401(b) and 2675(a). The exhaustion of administrative remedies is not merely an additional option available for litigants to pursue at their convenience, but rather is a necessary prerequisite to invoking federal jurisdiction. See McNeil v. United States, 508 U.S. 106, 110-11 (1993). There is no indication in the pleadings that Mr. Lyons exhausted his administrative remedies prior to filing this claim against Mr. Moore. Consequently, this court lacks subject matter jurisdiction over the claim asserted against this defendant. He is dismissed from this action.

Moreover, while supplemental jurisdiction over state law claims exists whenever those claims derive from the same nucleus of operative facts as the federal claims presented in an action, the court may exercise discretion in hearing state law matters. United Mine Workers of America v. Gibbs, 383 U.S. 715, 724-26 (1966). In cases where the federal law claims are dismissed before trial, the federal court should refrain from addressing the questions of state law. Id. Having dismissed plaintiff's only claim arising under federal law, this court declines jurisdiction to hear plaintiff's state law claims and remands this case the Crawford County Court

of Common Pleas.

## *Conclusion*

Accordingly, plaintiff's claims against Larry G. Moore are dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] Plaintiff's remaining claims are remanded to the Crawford County Court of Common Pleas.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan  
      PATRICIA A. GAUGHAN  
      UNITED STATES DISTRICT JUDGE

Dated: 1/11/06

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.